FILE COPY

9806

CAUSE NO. 2014-57952

| | |
|---|---|
| KOLLYE KILPATRICK, INDIVIDUALLY, ) | IN THE DISTRICT COURT OF |
| AS HEIR AT LAW AND REPRESENTATIVE ) | |
| OF THE ESTATE OF BEVERLY ANN ) | |
| KILPATRICK, DECEASED; ERIC ) | |
| KILPATRICK; AND KAREN KILPATRICK, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | HARRIS COUNTY, TEXAS |
| VS. ) | |
| ) | |
| MICHELIN NORTH AMERICA, INC. AND ) | |
| ROBERT DWAYNE COLEMAN, ) | |
| ) | |
| DEFENDANTS. ) | 152ND JUDICIAL DISTRICT |
| ) | |

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/9/2015 1:56:55 PM
CHRISTOPHER A. PRINE
Clerk

## MICHELIN NORTH AMERICA, INC.'S RESPONSES AND OBJECTIONS TO INTERVENING COLEMANS' SECOND SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT, MICHELIN NORTH AMERICA, INC.

TO:   Intervening Plaintiffs, by and through their attorneys of record, John Blaise Gsanger, Gary Scott Marshall, The Edwards Law Firm, 802 N. Carancahua, Ste. 1400, Frost Bank Plaza Corpus Christi, Texas 78401.

COMES NOW Michelin North America, Inc. ("MNA"), defendant in the above-styled and numbered cause, and submits these, its responses and objections to Intervening Colemans' Second Requests for Admission, Interrogatories, and Requests for Production to Defendant, Michelin North America, Inc.

Respectfully submitted,

GERMER BEAMAN & BROWN, P.L.L.C.
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

**EXHIBIT**

**1**

exhibitsticker.com

MAR 1 6 2015

By: _____

Thomas M. Bullion III
State Bar No. 03331005
tbullion@germer.com
Chris A. Blackerby
State Bar No. 00787091
cblackerby@germer-austin.com

Debora B. Alsup
State Bar No. 02006200
Thompson & Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100 Telephone
(512) 482-5028 Facsimile
Debora.Alsup@tklaw.com

ATTORNEYS FOR DEFENDANT
MICHELIN NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as set forth below on this 12th day of March, 2015.

John Gsanger      *Via Certified Mail, Return Receipt Requested*
The Edwards Law Firm
802 N. Carancahua, Ste. 1400
Frost Bank Plaza
Corpus Christi, Texas 78401

Robert E. Ammons      *Via Regular Mail*
3700 Montrose Blvd.
Houston, Texas 77006

Michael E. Bourland      *Via Regular Mail*
Witt, McGregor & Bourland, PLLC
8004 Woodway Drive, Suite 400
Waco, Texas 76712

Timothy D. "Tim" Riley      *Via Regular Mail*
Riley Law Firm
The Civil Justice Center
112 East 4th Street
Houston, Texas 77007

Mark A. Solomon      *Via Regular Mail*
Downs and Associates
15700 Long Vista Drive
Austin, Texas 78728

_____
Thomas M. Bullion III/Chris A. Blackerby

## INTRODUCTION

The tire at issue in this case is a LT265/75R16 BFGoodrich Rugged Terrain T/A LRE ORWL GO tire bearing DOT number BFW802110611 (the "tire in question"). The tire in question was designed by MNA and manufactured by MNA during the 6th week of 2011 at its Fort Wayne, Indiana plant. MNA's responses are limited to information concerning the tire in question and tires manufactured to the specification in place for the tire in question by MNA at its Fort Wayne, Indiana plant during the six months before and the six months after the date of manufacture of the tire in question. There are no tires common green to the tire in question.

## TRADE SECRETS OBJECTION

MNA objects to many of the discovery requests because they seek information and/or documents that are of a confidential, proprietary or commercially sensitive nature to MNA, exempt from discovery under notions of constitutional privacy and/or that may be covered by or be the subject of express or implied confidentiality, secrecy or nonpublication agreements or understandings. To the extent necessary, MNA objects to the discovery requests in that they seek the discovery of trade secret information and documents, including confidential research, development and technical information. MNA states that information and documents responsive to some of the discovery requests may have been withheld because these discovery requests seek privileged information and privileged documents that constitute the trade secrets of MNA. Disclosure of these trade secrets would result in substantial prejudice and harm to MNA. Therefore, MNA contends it is essential to MNA's operations that its work and documents remain confidential.

Texas law protects the disclosure of MNA's trade secrets. A trade secret may consist of any trade formula, pattern, device or compilation of information that is used in one's business and gives one an opportunity to obtain an advantage over competitors who do not know or use it.

<u>Computer Assoc. Int'l, Inc. v. Altai, Inc.</u>, 918 S.W.2d 453, 453 (Tex. 1996) (citing <u>Hyde Corp. v. Huffines</u>, 314 S.W.2d 763, 776 (1958)).

MNA's confidential policies, research, development and technical information are valuable and crucial trade secrets of MNA that give it an advantage over its competitors in a highly competitive and secretive industry. Moreover, MNA makes reasonable efforts to maintain the secrecy of this information, the information is of substantial value to MNA, the information would be very valuable to MNA's competitors, and the information derives its value by virtue of the effort of its creation and lack of dissemination. Accordingly MNA believes such information constitutes a trade secret and should be protected from disclosure.

Unless otherwise stated in its responses, MNA is not withholding any privileged documents/information within the relevant scope. However, to the extent intervenors do not agree with the scope of MNA's discovery responses, MNA reserves the right to have its objections to scope ruled upon prior to expanding the scope of its responses and its search for responsive and/or privileged documents/information.

Subject to the foregoing, MNA hereby answers the individual requests as follows:

<u>RESPONSES TO REQUESTS FOR ADMISSION</u>

**REQUEST FOR ADMISSIONS NO. 1:**

Admit that Tracey Crocker was employed at Michelin's Fort Wayne plant in 2011.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that Tracey Crocker has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 3:**

Admit that Milo Felger was employed at Michelin's Fort Wayne plant in 2011.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 4:**

Admit that Milo Felger has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 5:**

Admit that Mary Wheeler was employed at Michelin's Fort Wayne plant in 2011.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSIONS NO. 6:**

Admit that Mary Wheeler has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

**RESPONSE:**

Admitted.

REQUEST FOR ADMISSIONS NO. 7:

Admit that Tracy Coil was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 8:

Admit that Tracy Coil gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 9:

Admit that Mike Gomez was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 10:

Admit that Mike Gomez gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 11:

Admit that Jimmy Leroy Kitson was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 12:

Admit that Jimmy Leroy Kitson gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 13:

Admit that Jeremy Mudrack was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 14:

Admit that Jeremy Mudrack gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in

*Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 15:

Admit that Robert Parady was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 16:

Admit that Robert Parady gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 17:

Admit that Karl Wilson was employed at Michelin's Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 18:

Admit that Karl Wilson gave a telephone interview that was recorded regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted. MNA objects to this request on the ground that it inquires about employee statements which were obtained improperly. MNA states that, as recognized by the court in *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* in granting MNA's Motion for Sanctions and Motion for Protective Order, said interview of an individual not represented by counsel was conducted *ex parte,* in a manner that did not comply with the applicable Canons of Legal Ethics. MNA denies that the interview, or any information contained therein, may be used for any purpose in the present action.

REQUEST FOR ADMISSIONS NO. 19:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 witnessed moisture cured into tires made at Michelin's Fort Wayne plant.

RESPONSE:

Denied.

REQUEST FOR ADMISSIONS NO. 20:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire component parts get wet as a result of roof leaks inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at

4522670                                          10

the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 21:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire building machinery get wet as a result of roof leaks inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 22:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire building machinery in operation despite the machinery's close proximity to an active roof leak inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the

4522670                                          12

time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 23:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed MNA personnel place a bucket or barrel under water leaking inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such

employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 24:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that roof leaks inside Michelin's Fort Wayne plant went unrepaired.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 25:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire builders perspiring inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in

question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 26:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire builder perspiration fall onto a tire component inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process,

whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 27:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed the tire building room at Michelin's Fort Wayne plant reach temperatures greater than 120 degrees.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

4522670                                                    17

REQUEST FOR ADMISSIONS NO. 28:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed that sweatbands were ineffective at containing tire builder perspiration inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 29:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that contamination in a tire can lead to a tread separation.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 30:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that moisture in a tire can lead to a tread separation.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 31:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that trapped air or cracks in a tire can lead to a tread separation.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for

itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 32:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed foreign objects cured into tires made at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela*

*Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 33:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire components stacked on the floor at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 34:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire components used to build a tire at Michelin's Fort Wayne plant even though the tire components had come into contact with the floor inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 35:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed debris such as sun flower seed shells and chewing tobacco and carbon black dust on the floor inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the

4522670                                    24

time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 36:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed assembled green tires stacked on the floor at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such

employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 37:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed Michelin personnel using an awl to let air out of a blister on a tire inside Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

4522670                                    26

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 38:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tires built at Michelin's Fort Wayne plant with components that were not adequately sticky.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in

4522670                                    27

question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 39:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tires built at Michelin's Fort Wayne plant with components demonstrating a chalky appearance on the surface.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process,

whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

## REQUEST FOR ADMISSIONS NO. 40:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed air pockets in tires built at Michelin's Fort Wayne plant with components demonstrating a chalky appearance on the surface.

## RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 41:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire builders produce tires at Michelin's Fort Wayne plant at a rate such that the tires had to wait before personnel in the curing room could cure those tires.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 42:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed liner pattern marks on components brought into the tire building room at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 43:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed inadequate adhesion resulting from liner pattern marks on components used to build a tire at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 44:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tire builders at Michelin's Fort Wayne plant manipulate the settings on a tire building machine in order to operate the machine at a speed exceeding the recommended setting.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 45:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed air pockets in tires at Michelin's Fort Wayne plant as a result of builders operating tire building machinery at a speed exceeding the recommended setting.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 46:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed Michelin management instructing builders at Michelin's Fort Wayne plant to operate a tire building machine despite a known problem with that machine.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 47:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that Michelin emphasized quantity over quality at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for

itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 48:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed a classpector approve a group of tires at Michelin's Fort Wayne plant after only inspecting two-three tires from that group.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela*

*Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 49:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that Michelin management failed to respond to reports that a classpector misrepresented the number of tires inspected at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 50:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed a classpector refuse to shut down the curing room press inside Michelin's Fort Wayne plant after defects were found in tires.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition

4522670 38

testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

## REQUEST FOR ADMISSIONS NO. 51:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that Michelin management failed to respond to reports that a classpector refused to shut down the curing room press inside Michelin's Fort Wayne plant after defects were found in tires.

## RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the

4522670                                    39

time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 52:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony that Michelin management failed to investigate reports of tire defects in tires made at Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such

employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 53:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed tires with defects such as trapped air leave Michelin's Fort Wayne plant for entry into the stream of commerce.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

4522670                                              41

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 54:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed falsification of hour by hour charts in Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in

question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 55:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed Michelin management instruct Michelin personnel to approve faulty tires by way of stamp in Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process,

whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 56:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed failure of Michelin personnel to enter required data into the quality control computer system in Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 57:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed failure of Michelin personnel to enter required data into the logbook in Michelin's Fort Wayne plant.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified plant conditions were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR ADMISSIONS NO. 58:

Admit that Michelin tire builder work procedures regarding the application of BAZ mention the purpose of BAZ.

RESPONSE:

MNA denies that work tire builder work procedures applicable to the manufacture of tires in the relevant scope mentioned the purpose of BAZ. To the extent this request seeks an admission concerning documents outside the relevant scope, MNA objects to this request because it is overly broad and seeks admission about documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the tire, plant, and time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 59:

Admit that documents used to train Michelin tire designers instruct designers how and when to incorporate various different types of tire construction options into Michelin tires.

RESPONSE:

MNA objects to this request because it is overly broad and seeks admission about documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the tire, plant, and time period relevant to this action.

MNA further objects to this request as being vague and ambiguous because the term "tire construction options" is undefined.

REQUEST FOR ADMISSIONS NO. 60:

Admit that documents used to train Michelin tire designers instruct designers regarding the advantages and disadvantages of incorporating various different types of tire construction options into Michelin tires.

RESPONSE:

MNA objects to this request because it is overly broad and seeks admission about documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the tire, plant, and time period relevant to this action.

MNA further objects to this request as being vague and ambiguous because the term "tire construction options" is undefined.

REQUEST FOR ADMISSIONS NO. 61:

Admit that the first stage tire building machine used to build 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires in the 6th week of 2011, such as – and including – the tire produced to Michelin pursuant to the Tire Inspection Order signed by the Court on January 29, 2015, was made by a company now affiliated with the Pettibone Tire Equipment Group (including the companies currently known as Bartell Machinery System LLC, The Steelastic Company LLC, RMS Equipment LLC, Pettibone, LLC).

RESPONSE:

Based upon MNA's review of publicly available information, MNA admits this statement, upon information and belief, regarding the initial installment of the referenced tire building machine. However, since its initial installation, substantial modifications have been made to the tire building machine.

REQUEST FOR ADMISSIONS NO. 62:

Admit that the second stage tire building machine used to build 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires in the 6th week of 2011, such as – and including – the tire produced to Michelin pursuant to the Tire Inspection Order signed by the Court on January 29, 2015, was made by a company now affiliated with the Pettibone Tire Equipment Group (including the companies currently known as Bartell Machinery System LLC, The Steelastic Company LLC, RMS Equipment LLC, Pettibone, LLC).

RESPONSE:

Based upon MNA's review of publicly available information, MNA admits this statement, upon information and belief, regarding the initial installment of the referenced tire

4522670                                    47

building machine. However, since its initial installation, substantial modifications have been made to the tire building machine.

REQUEST FOR ADMISSIONS NO. 63:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed Michelin host tours of its Fort Wayne plant for businesses.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified incidents were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 64:

Admit that persons who worked at Michelin's Fort Wayne plant in 2011 have given sworn testimony about having witnessed Michelin host tours of its Fort Wayne plant for employee family members.

RESPONSE:

MNA objects to this request as improper because it asks MNA to admit or deny intervenors' characterization of deposition testimony contained in a document that speaks for itself. Upon entry of an appropriate confidentiality protective order, MNA will produce the

deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.* which include testimony about alleged conditions at the Fort Wayne plant in or around 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks admission concerning statements or deposition testimony of persons who were employed at the Ft. Wayne plant in 2011, without regard for the time period during which the specified incidents were allegedly observed by such employees. As such, the request is not properly limited in scope to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 65:

Admit that Michelin has permitted wide isle[sic] tours of the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that such "wide aisle" tours, which are designed to prevent exposure to MNA's trade secrets, have taken place on a very limited basis in the past. All persons who have taken such tours have been accompanied by an MNA employee on the tour. They are not allowed to take photographs or video of the plant. A wide aisle tour allows the approved visitor to see general operations of the plant, but does not give them access to any detailed view of machine design or operation, work methods, specifications, etc. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 66:

Admit that Michelin has permitted tours of the Fort Wayne plant that have included access to a tire building or tire inspection room in the past decade.

4522670                                          49

RESPONSE:

MNA admits that it has permitted such tours as "wide aisle" tours which are designed to prevent exposure to MNA's trade secrets, and which have taken place on a very limited basis in the past. All persons who have taken such tours have been accompanied by an MNA employee on the tour. They are not allowed to take photographs or video of the plant. A wide aisle tour allows the approved visitor to see general operations of the plant, but does not give them access to any detailed view of machine design or operation, work methods, specifications, etc. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 67:

Admit that Michelin has permitted students into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

Denied.

REQUEST FOR ADMISSIONS NO. 68:

Admit that Michelin has permitted employees of janitorial service providers who are not Michelin employees into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that these contractors have been permitted into the tire building or tire inspection rooms to perform their work as a matter of business necessity. Such contractors have been required to execute confidentiality agreements prior to performing their work. MNA objects to this interrogatory because it is overly broad and seeks information that is neither

4522670                                              50

relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 69:

Admit that Michelin has permitted employees of pest control service providers who are not Michelin employees into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that these contractors have been permitted into the tire building or tire inspection rooms to perform their work as a matter of business necessity. Such contractors have been required to execute confidentiality agreements prior to performing their work. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 70:

Admit that Michelin has permitted employees of heating and air conditioning system service providers who are not Michelin employees into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that these contractors have been permitted into the tire building or tire inspection rooms to perform their work as a matter of business necessity. Such contractors have been required to execute confidentiality agreements prior to performing their work. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of

admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 71:

Admit that Michelin has permitted employees of roof maintenance service providers who are not Michelin employees into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that these contractors have been permitted into the tire building or tire inspection rooms to perform their work as a matter of business necessity. Such contractors have been required to execute confidentiality agreements prior to performing their work. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 72:

Admit that Michelin has permitted family members of employees into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that it has permitted such tours as "wide aisle" tours which are designed to prevent exposure to MNA's trade secrets, and which have taken place on a very limited basis in the past. All persons who have taken such tours have been accompanied by an MNA employee on the tour. They are not allowed to take photographs or video of the plant. A wide aisle tour allows the approved visitor to see general operations of the plant, but does not give them access to any detailed view of machine design or operation, work methods, specifications, etc. MNA objects to this interrogatory because it is overly broad and seeks information that is neither

4522670                                                52

relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 73:

Admit that Michelin has permitted government officials into a tire building or tire inspection room at the Fort Wayne plant in the past decade.

RESPONSE:

MNA admits that it has permitted such tours as "wide aisle" tours which are designed to prevent exposure to MNA's trade secrets, and which have taken place on a very limited basis in the past. All persons who have taken such tours have been accompanied by an MNA employee on the tour. They are not allowed to take photographs or video of the plant. A wide aisle tour allows the approved visitor to see general operations of the plant, but does not give them access to any detailed view of machine design or operation, work methods, specifications, etc. MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

REQUEST FOR ADMISSIONS NO. 74:

Admit that Jon Anderson was employed by Michelin and worked in the Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 75:

Admit that Jon Anderson has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 76:

Admit that Brian Peirano was employed by Michelin and worked in the Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 77:

Admit that Brian Peirano has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Denied as stated. MNA admits Peirano has provided a sworn affidavit regarding conditions and practices at the Fort Wayne plant.

REQUEST FOR ADMISSIONS NO. 78:

Admit that Douglas Sawyer was employed by Michelin and worked in the Fort Wayne plant in 2011.

RESPONSE:

Admitted.

REQUEST FOR ADMISSIONS NO. 79:

Admit that Douglas Sawyer has given sworn testimony regarding conditions and practices at Michelin's Fort Wayne plant.

RESPONSE:

Denied as stated. After a reasonable and diligent search, MNA is unaware of Sawyer providing any such sworn testimony.

## RESPONSES TO INTERROGATORIES

<u>INTERROGATORY NO. 1:</u>

Please identify:

(a)  the 1st stage tire building machines used to build tires sold by Michelin with DOT tire identification number BFW802110611 (i.e., 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires made in the 6th week of 2011 at Michelin's Fort Wayne plant), such as – and including – the tire produced to Michelin pursuant to the Tire Inspection Order signed by the Court on January 29, 2015 by model number and model name of the machine, by the manufacturer, and by the dates of manufacture and sale to Michelin and installation in the Fort Wayne plant, and please describe each substantive modification to the machine during the time period from the 6th week of 2011 to the present with the dates of each such modification;

(b)  the 2nd stage tire building machines used to build tires sold by Michelin with DOT tire identification number BFW802110611 (i.e., 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires made in the 6th week of 2011 at Michelin's Fort Wayne plant), such as – and including – the tire produced to Michelin pursuant to the Tire Inspection Order signed by the Court on January 29, 2015 by model number and model name of the machine, by the manufacturer, and by the dates of manufacture and sale to Michelin and installation in the Fort Wayne plant, and please describe each substantive modification to the machine during the time period from the 6th week of 2011 to the present with the dates of each such modification;

(c)  how many of those 1st and 2nd stage tire building machines identified in part (a) were in Michelin's Fort Wayne plant during the 6th week of 2011;

(d)  how many of those 1st and 2nd stage tire building machines identified in part (b) are still in Michelin's custody;

(e)  for each 1st and 2nd stage tire building machine identified in part (a) no longer in Michelin's custody, when did those machines go out of Michelin's custody and where were those machines the last time Michelin knew of their locations;

(f)  for each 1st and 2nd stage tire building machine identified in part (a) that remains in Michelin's custody, what modifications (if any) have occurred since the 6th week of 2011 (you need not list routine maintenance or any insignificant or insubstantial modifications);

(g)  for every 1st and 2nd stage tire building machine modification identified in part (e), when did those modifications occur and what were the purposes of those modifications; and

(h)  the electronic or paper or photographic or videographic records Michelin has in its control which document the information inquired about in parts (a) through (f).

<u>RESPONSE:</u>

a)- b)  The 1st stage tire building machine used to build the tire in question is an RMS 2000, originally manufactured by RMS Equipment Co. in or around August of 2003. The 2nd

stage tire building machine used to build the tire in question is an RMS 3500, originally manufactured by RMS Equipment Co. in or around October of 2003. Both of these machines have been modified substantially since their original manufacture.

MNA acknowledges that, on or around September 16, 2014, it received a letter from Coleman's counsel providing notice of a potential claim involving the tire in question. However, due to the refusal of counsel for plaintiffs and/or intervenors to provide the tire in question to MNA for inspection under reasonable conditions, MNA was until recently unable to determine which tire building machines were used to build the tire in question. Subsequent to identifying the tire building machines used to build the tire in question, MNA has taken appropriate steps to document the condition of, and any changes to, the tire building machines.

MNA objects to this interrogatory because intervenors have not identified the specific manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's manufacturing process, whether or not related to intervenors' claims in this case. MNA further objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

MNA objects to the extent this interrogatory seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

c)- h)    MNA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. MNA has identified responsive

information concerning the tire building machines involved in the manufacture of the tire in question.

INTERROGATORY NO. 2:

Please identify all information that is inferable from a white sticker (pictured in Exhibit 1) on the inside of the failed tire on the innerliner assuming that the sticker has a 5 digit number (with the 4th digit largely obliterated) where the legible digits are 273_9.

RESPONSE:

MNA states that from the white sticker at issue in this case, it has been able to identify certain material used in the building of the tire in question, the date the tire in question was built, the shift during which it was built, the name and size of the tire in question, and the identification of the 1st stage tire builder. MNA objects to this interrogatory as being vague and ambiguous in its use of the term "inferable" as that term is undefined.

INTERROGATORY NO. 3:

Please identify all information that is inferable from a yellow sticker (pictured in Exhibit 2) on the inside of the failed tire on the innerliner assuming that the sticker has this 5 digit number: 82510.

RESPONSE:

MNA states that from the yellow sticker at issue in this case, it has been able to identify certain material used in the building of the tire in question, the date the tire in question was built, the shift during which it was built, and the name and size of the tire in question. MNA objects to this interrogatory as being vague and ambiguous in its use of the term "inferable" as that term is undefined.

INTERROGATORY NO. 4:

Please provide the following information regarding the development, specifications, and specification histories for the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires as made at Michelin's Fort Wayne plant during the 6th week of 2011:

    a)     the date when Michelin began development of that tire specification;

b) the dates for each version or revision of the pre-production development specifications referenced in the development of the tire ultimately produced as the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires as made in Michelin's Fort Wayne plant during the 6th week of 2011;

c) the date of the first version of the specification once the tire was ready for production (specification revision number 1), the date of the last revision of the specification, and the dates of the revisions in between those two dates;

d) the dates when Michelin made changes to the gauge or rubber composition of the innerliner;

e) the dates when Michelin made changes to the assembly, configuration, width, gauge, or rubber composition of the rubber or rubber-calendared components assembled on the tire building machine between carcass ply and the tread (including the area from both shoulders and across the entire crown), and for each date, list what components were changed and whether the assembly, configuration, width, gauge, or rubber composition were changed; and

f) the dates when Michelin implemented or made changes to the assembly, configuration, width, or material composition of the nylon or nylon-containing components, if any, assembled on the tire building machine between carcass ply and the tread (including the area from both shoulders and across the entire crown).

RESPONSE:

a) Upon entry of an appropriate confidentiality protective order, MNA will provide information responsive to this interrogatory.

b) Upon entry of an appropriate confidentiality protective order, MNA will provide information responsive to this interrogatory.

c) – f) Upon entry of an appropriate confidentiality protective order, MNA will produce the specifications and change documents it has for tires in the relevant scope. To the extent this interrogatory seeks information outside the relevant scope, MNA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this interrogatory to the tire, plant, and time period relevant to this action.

MNA objects to the extent this interrogatory seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

INTERROGATORY NO. 5:

Please list all tires made by Michelin in the 265/75R16 size (regardless of brand name or model name) at any time during The Time Period and all tires that were made with the words "BF Goodrich" and "Rugged Terrain" (regardless of tire size) on the sidewall during The Time Period.

RESPONSE:

MNA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the tire, plant, and time period relevant to this action. The Time Period as defined by intervenors is over ten years.

MNA objects to the extent this interrogatory seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

INTERROGATORY NO. 6:

For each tire line identified in response to Interrogatory 5, please list;

a) in which sizes that tire line was made and during what time periods it was made in those sizes;

b) whether any of the tires in that tire line had a rubber belt, strip, wrap, gum, or insulation component placed at the belt edges that was thicker in its green tire component gauge than the rubber belt edge components used in the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires as made in February of 2011 and during what time period they were made with thicker gauge rubber belt edge components, and which tires and tire sizes had thicker gauge rubber belt edge components; and

c) whether any of the tires in that tire line had nylon reinforcement of the belt package different from the belt reinforcement used in the 265/75R16 BF Goodrich Rugged

Terrain T/A LRE tires as made in February of 2011, and during what time period those tires were made with such nylon reinforcements of the belt package, and which tires and tire sizes had nylon reinforcement of the belt package.

RESPONSE:

MNA incorporates its objections above in response to Interrogatory No. 5.

INTERROGATORY NO. 7:

Please disclose (a) the number of 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires produced in the 6th week of 2011 at Michelin's Fort Wayne plant, (b) the number of 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires produced in February of 2011 at Michelin's Fort Wayne plant, (c) the number of 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires produced in all of 2011 at Michelin's Fort Wayne plant, (d) the number of tires produced in the 6th week of 2011 at Michelin's Fort Wayne plant, (e) the number of tires produced in February of 2011 at Michelin's Fort Wayne plant, and (f) the number of tires produced in all of 2011 at Michelin's Fort Wayne plant.

RESPONSE:

Upon entry of an appropriate confidentiality protective order, MNA will produce the production numbers it has for tires in the relevant scope by month. To the extent this interrogatory seeks information outside the relevant scope, MNA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this interrogatory to the tire, plant, and time period relevant to this action.

MNA objects to the extent this interrogatory seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

INTERROGATORY NO. 8:

For every current or former employee who worked for Michelin in Fort Wayne, Indiana, in February of 2011 and whose job description or duties included splicing, building, or inspecting passenger or light truck tires from the stage at which the innerliner for a pre-cured tire

was placed on a drum through the point at which the tire was given a post-cure inspection, classification, and final sorting, please list their:

(a) name;

(b) address (current or, if the current information is unknown, last known);

(c) all phone numbers (including current or, if the current information is unknown, last known);

(d) job titles held in February of 2011;

(e) job duties in February of 2011;

(f) whether or not such employee's job would have authorized them to work on 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires;

(g) whether or not such employee's job would have authorized them to work on only 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires and no other tires; and

(h) whether that person is a current or former employee.

RESPONSE:

MNA objects to this interrogatory because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this interrogatory is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have not identified the specific components and processes at issue in this case.

MNA further objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 9:

This Interrogatory is limited to information from The Time Period. Please identify each database, each document collection, and each information collection system that enables Michelin to identify or report what information (including, but not limited to, Early Warning Data and documents available for production in litigation) is within Michelin's direct or indirect

possession, custody or control in connection with a specific tire line such as the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires as made during The Time Period, and for each of these databases, document collections, and information collection systems, please describe the following:

(a) the name of the database, document collection, or information collection system (i.e., how is it referred to within Michelin);

(b) how is each such database, document collection, or information collection system searched (e.g., what parameters can be used to gather or report information and how can those parameters be adjusted to expand or contract the scope of the search);

(c) what types of reports can be generated from these databases, document collections, and information collection systems, who generates such reports, and who are the recipients of these reports including all who have access to these reports;

(d) who has access to these databases, document collections, and information collection systems and where are they located;

(e) what information and categories of information exist within these databases, document collections, and information collection systems in connection with BF Goodrich Rugged Terrain T/A LRE tires made during The Time Period;

(f) what are the categories and titles of the documents identifiable within these databases, document collections, and information collection systems in connection with BF Goodrich Rugged Terrain T/A LRE tires made during The Time Period; and

(g) what reports have been generated from these databases, document collections, and information collection systems in connection with BF Goodrich Rugged Terrain T/A LRE tires made during The Time Period, and what search parameters were used to generate each such report.

RESPONSE:

MNA objects to this interrogatory because it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this interrogatory to the tire, plant, and time period relevant to this action. The Time Period as defined by intervenors is over ten years.

4522670                                          62

MNA objects to the extent this interrogatory seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

INTERROGATORY NO. 10:

Limited to information and documents from The Time Period and further limited to 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires and any tires (made during the entire production run of the BF Goodrich Rugged Terrain T/A LRE tire at issue) that share the same green tire specification with the BF Goodrich Rugged Terrain T/A LRE tire at issue, please provide the information and describe the documents (by their date, title, author, recipients, and number of pages for all documents) containing information regarding the following:

a)      consumer claims involving tread/belt separation;

b)      property damage claims involving tread/belt separation;

c)      personal injury claims involving tread/belt separation; and

d)      adjustment data involving tread/belt separation.

NOTE: If Defendant would prefer to produce the documents requested to be identified in this request, then claimant has no objection to the production of each document requested to be identified in place of the identification and description of such documents.

RESPONSE:

MNA produces MNA-KILPATRICK-0000136 - MNA-KILPATRICK-0000180 and refers intervenors to MNA-KILPATRICK-0000006 – MNA-KILPATRICK-0000015 produced previously for tires in the relevant scope. Upon entry of an agreed confidentiality protective order, MNA will produce a list of adjustment codes. To the extent intervenors identify codes relevant to the condition of the tire in question and intervenors' claims in this matter, MNA will produce documents reflecting the number of tires in the relevant scope returned with those conditions. To the extent this interrogatory seeks information concerning codes that are not relevant to the condition of the tire in question and intervenors' claims in this matter, or seeks information outside the relevant scope, MNA objects to this interrogatory because it is overly

broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this interrogatory to the tire, plant, and time period relevant to this action. The Time Period as defined by intervenors is over ten years.

MNA further objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

INTERROGATORY NO. 11:

For each tour of Michelin's Fort Wayne plant (including – but not limited to – any tour Michelin would characterize as a wide isle[sic] tour) during the past decade, please list the date of the tour and whether the tour included access to any room where tire building or tire inspection occurs and the groups who were allowed to attend the tour and the identify of all those who attended the tour.

RESPONSE:

MNA objects to this interrogatory because it is overly broad and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervernors have failed to limit the scope of this interrogatory to the time period relevant to this action.

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Please produce the documents and tangible things (regardless of whether they are in physical or electronic format) which set forth the information which answers the questions raised by interrogatories 1-11.

RESPONSE:

MNA incorporates its responses and objections to Interrogatories 1-11 above.

REQUEST FOR PRODUCTION NO. 2:

Please produce the documents associated with each request for admission in the Coleman family's first set of requests for admission to Michelin.

RESPONSE:

MNA refers intervenors to MNA's Responses and Objections to Intervening Coleman's First Requests for Admission, Interrogatory, and Requests for Production and states that no documents were produced in response to the Requests for Admission. Further, MNA objects to this request as being vague and ambiguous in its use of the term "associated with" as that term is undefined.

REQUEST FOR PRODUCTION NO. 3:

Please produce the documents associated with each request for admission in the Coleman family's second set of requests for admission to Michelin.

RESPONSE:

MNA incorporates its responses and objections above to the requests for admission. Further, MNA objects to this request as being vague and ambiguous in its use of the term "associated with" as that term is undefined.

REQUEST FOR PRODUCTION NO. 4:

This Request for Production is limited to information from The Time Period. Please produce all internal memos, meeting notes, shift reports and other reports, studies, or electronic or paper documents relating to the following conditions which might be encountered within the tire manufacturing process: (a) leaks in the roof over the rooms where tire building or tire inspection occurred, (b) puddles on the floor in the rooms where tire building or tire inspection occurred, (c) the use of plastic sheeting to divert leaks in the roof over the rooms where tire building or tire inspection occurred, (d) allegations of sexual misconduct alleged to involve personnel whose job responsibilities included tire building or tire inspecting, (e) sexual harassment or discrimination claims of personnel whose job responsibilities included tire building or tire inspecting, (f) the falsification of inspections on inspection documentation, (g) allegations of insufficient time for employees to perform quality tire building or quality tire inspecting, (h) the use of out of specification tire components in the tire assembly processes, (i) the use of rubber or rubber-coated tire components which had lost some of their tackiness before being implemented in the tire assembly process, (j) the use of solvent in an attempt to restore tackiness to rubber or rubber-coated tire components which had lost some of their tackiness before being implemented in the tire assembly process, (k) trapped air in tires during the tire assembly or curing or inspection processes, (l) trapped moisture in tires during the tire assembly

or curing or inspection processes, (m) voids in tires during the tire assembly or curing or inspection processes, (n) blows in tires during the tire assembly or curing or inspection processes, (o) separations between components in tires during the tire assembly or curing or inspection processes, (p) contamination in tires during the tire assembly or curing or inspection processes, (q) misplacement of tire components as noticed in the tire assembly or curing or inspection processes, (r) improper splicing of tire components as noticed in the tire assembly or curing or inspection processes, and (s) the failure of the cured tire inspection process to detect defects before tires were sold to customers.

RESPONSE:

This request is actually over 19 requests. MNA objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors claims in this case. Intervenors have failed to identify the components and processes at issue in this case.

MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the plant and time period relevant to this case. The Time Period as defined by intervenors is over ten years.

MNA further objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 5:

Please produce training materials (including testing, videotapes, procedures manuals, work instructions, photos, drawings, and computer manuals) used to train the following Michelin personnel during The Time Period: (a) tire component operators, (b) first and second stage tire builders, (c) tire inspectors, (d) personnel involved in tire design, and (e) personnel who perform or performed the review or analysis or inspection of tires made at Michelin's Fort Wayne plant

and returned to Michelin through the tire warranty adjustment process during The Time Period in connection with Michelin's tire adjustment program.

RESPONSE:

This request is actually over five requests. MNA objects to these requests because they are overly broad, unduly burdensome, and seek documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of these requests to the tire, plant, and time period relevant to this action. The Time Period as defined by intervenors is over ten years.

Further, MNA objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors claims in this case. Intervenors have failed to identify the components and processes at issue in this case.

MNA objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 6:

This Request for Production is limited to information from The Time Period. Please produce documentation and other materials which reflect Michelin's current and former employee Assessments or Criticisms of the manufacturing practices and conditions at Defendant's tire plants regarding any changes evaluated or implemented (a) to curb the use of out-of-specification components, (b) to curb the use of rubber components that have become dry and less tacky from not being used promptly, (c) to curb the use of components which had previously been rejected, (d) to curb the tolerance of open splices, (e) to better control the high humidity in the plant, (f) to better control the high temperatures in the plant, (g) to better control the animals and animal feces and insects in the plant, (h) to better control the roof leaks in the plant, (i) to better ensure that tires were not being produced at a rate higher than the rate at which tire builders and inspector could meet and enforce Michelin's internal quality standards, and (j) to minimize contamination such as moisture and air trapped in between tire components.

RESPONSE:

This request is actually over ten requests. MNA objects to these requests because intervenors have not identified the specific components or processes that produced the defect alleged to be present in the tire in question. If intervenors will identify the components, processes, and conditions at issue, and upon entry of an appropriate confidentiality protective order, MNA will search for and produce responsive documents applicable to tires within the relevant scope. Further, MNA objects to these requests because they are overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of these requests to the tire, plant, and time period relevant to this action. These requests seek information on millions of tires that are not substantially similar to the tire in question. The Time Period as defined by intervenors is over ten years.

MNA objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 7:

Please produce all internal memos, meeting notes, reports, studies, decision trees, aspect specifications, or electronic or paper documents relating to the number of different features of the post-cured tire which were to be inspected during the final finish inspection of tires made at Michelin's Fort Wayne plant in 2011, the number of personnel assigned to those tasks per shift, and the standards that were to be applied during such final finish inspection and classification.

RESPONSE:

MNA objects to these requests because intervenors have not identified the specific components or processes that produced the defect alleged to be present in the tire in question. If intervenors will identify the components, processes, and conditions at issue, and upon entry of an appropriate confidentiality protective order, MNA will search for and produce responsive

4522670                                    68

documents applicable to tires within the relevant scope. MNA objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 8:

For all 265/75R16 BF Goodrich Rugged Terrain tires made by Michelin during The Time Period, please produce the following materials in connection with all claims of property damage, personal injury, or death alleged to have resulted from the detachment or partial detachment of the tread or belt of such tires:

a) The papers and other documentation which gave or recorded notice and description of the consumer claim or lawsuit (including the letters and correspondence back and forth pertaining to property damage claims, pleadings and complaints in lawsuits, notice of claims communications, electronic complaints, logs and descriptions of telephone complaints, etc.);

b) The 265/75R16 size tires with the lettering "BF Goodrich" and "Rugged Terrain" on the sidewall which were associated with the consumer claim or lawsuit;

c) Documentation of the claimants' names, and phone numbers, and physical addresses, and email addresses, and counsel (if any), and counsel's phone numbers, and counsel's physical addresses, and counsel's email addresses;

d) Governmental records of the incident alleged to have served as the basis of the consumer claim or lawsuit (including peace officer crash reports, state highway reports, police reports, NHTSA reports, NTSB reports, OSHA reports, etc.);

e) Description and recording (including video and photographic recording as well as written and electronic notes) and analysis of the crash and crash scene associated with the incident alleged to have served as the basis of the consumer claim or lawsuit (including scene photographs, scene notes, crash analysis or reconstruction performed by any governmental agency, crash analysis or reconstruction performed by anyone on behalf of the claimant, crash analysis or reconstruction performed by Michelin or by anyone on behalf of Michelin, crash analysis or reconstruction performed by or on behalf of any other party to litigation arising from a complaint that a tread or belt or both detached in whole or in part from a 265/75R16 size tire with the lettering "BF Goodrich" and "Rugged Terrain" on the sidewall, etc);

f) Description and recording (including video and photographic and x-ray and shearographic recording as well as written and electronic notes) and analysis of the 265/75R16 size tires with the lettering "BF Goodrich" and "Rugged Terrain" on the sidewall which were associated with the consumer claim or lawsuit (including tire photographs, tire notes, tire analysis or failure coding and analysis performed by any governmental agency, performed by

anyone on behalf of the claimant, performed by Michelin or by anyone on behalf of by Michelin, performed by or on behalf of any other party to litigation arising from a complaint that a tread or belt or both detached in whole or in part from a 265/75R16 size tire with the lettering "BF Goodrich" and "Rugged Terrain" on the sidewall, etc.);

g)      The papers and other documentation which reflect disposition of the consumer claim or lawsuit (including the documentation reflecting whether the property damage claim was honored or denied and the manner in which those claims were resolved, reflecting whether the lawsuits which proceeded to trial or other non-agreed final disposition were resolved by the fact finder or legal body in favor or one party or the other and the manner in which those lawsuits were resolved, reflecting whether the lawsuits which proceeded to an agreed resolution were resolved and the manner in which those lawsuits were resolved, etc.); and

h)      Testimony (including depositions, sworn papers, in-court testimony, etc.) in connection with the claimed tire failure and alleged incident claimed to have resulted from the tire failure (including testimony from drivers of vehicles at the time of the tire failure, testimony of eyewitnesses to the tire's alleged failure, testimony of eyewitnesses to the drivers' or vehicles' movements during the incident, etc.).

RESPONSE:

This request is actually over 8 requests. MNA produces MNA-KILPATRICK-0000136 - MNA-KILPATRICK-0000180 and  refers intervenors to MNA-KILPATRICK-0000006 – MNA-KILPATRICK-0000015 produced previously for tires in the relevant scope.  MNA also refers intervenors to the Complaint in *Hacker v. MNA* previously produced as MNA-KILPATRICK-0000046 – MNA-KILPATRICK-0000050.  MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.  Intervenors have failed to limit the scope of this request to the tire, plant and time period relevant to this case.  The Time Period as defined by intervenors is over ten years.

REQUEST FOR PRODUCTION NO. 9:

Please produce the documentation and other materials which report Michelin's internal warranty tire return adjustment standards and practices, as well as Michelin's comparative tire return data and analysis.  This request includes, but is not limited to, documentation of all warranty claims arising from allegations of a partial or complete detachment of the tread or belt of any tires which share the same green tire specification with any size BF Goodrich Rugged Terrain T/A LRE tire made during the entire production run of the 265/75R16 BF Goodrich

Rugged Terrain T/A LRE at issue. The documentation requested includes documentation of all tire warranty return adjustments involving any belt or tread condition for BF Goodrich Rugged Terrain T/A LRE tires and all common green tires, Early Warning Data and other information Michelin must report pursuant to the TREAD Act regarding the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tire, analyses of the adjustment history of the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tire in isolation and in comparison to other tires, reports and charts and graphs of adjustment data and trends and analysis relating to the 265/75R16 BF Goodrich Rugged Terrain T/A LRE tire in isolation and in comparison to other tires during The Time Period, analyses of the adjustment history of tires produced at Michelin's Fort Wayne plant in isolation and in comparison to tires made at Defendant's other plants, reports and charts and graphs of adjustment data and trends and analysis relating to tires produced at the Michelin's Fort Wayne plant in isolation and in comparison to other tires during The Time Period, work procedures and tire reviewing protocols used by personnel who perform or performed the review or analysis or inspection of tires made at Michelin's Fort Wayne plant and returned to Defendant through the tire warranty adjustment process during The Time Period in connection with Defendant's tire adjustment program, adjustment codes and standards for warrantable conditions, adjustment guidelines applicable to 265/75R16 BF Goodrich Rugged Terrain T/A LRE tires returned pursuant to the warranty adjustment policy, documentation of the uses that Defendant has made of the adjustment data in the design evaluation and revision processes, the different types of claims forms that Defendant have used as part of the adjustment process as applicable 265/75R16 BF Goodrich Rugged Terrain T/A LRE tire tires, and the codes and the meanings of those codes for adjustable or non-adjustable tire conditions that Defendant has used as part of the adjustment process, Warranty Claim Procedure Manual, General Principles Final Evaluation, General Principles Practical Demonstration, Repairs and Repair Limits.

RESPONSE:

This request is actually over 20 requests. MNA produces MNA-KILPATRICK-0000136 - MNA-KILPATRICK-0000180 and refers intervenors to MNA-KILPATRICK-0000006 – MNA-KILPATRICK-0000015 produced previously for tires in the relevant scope. Upon entry of an agreed confidentiality protective order, MNA will produce a list of adjustment codes. To the extent intervenors identify codes relevant to the condition of the tire in question and intervenors' claims in this matter, MNA will produce documents reflecting the number of tires in the relevant scope returned with those conditions. To the extent this request seeks documents concerning codes that are not relevant to the condition of the tire in question and intervenors' claims in this matter, or seeks documents outside the relevant scope, MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to

the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the tire, plant, and time period relevant to this action. The Time Period as defined by intervenors is over ten years.

MNA further objects to the extent this request seeks or attempts to seek information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 10:

Please produce the 2010, 2011, and 2012 Data Book for Michelin Passenger and Light Truck Tires.

RESPONSE:

MNA produces MNA-KILPATRICK-0000181 - MNA-KILPATRICK-0000355 for the relevant scope.

REQUEST FOR PRODUCTION NO. 11:

Please produce all still images and videotape created at the Fort Wayne tire plant during the past decade where the images or video either demonstrate any tire building machinery or tire building processes or depict any part of any tire plant tour.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, MNA objects to this request because it seeks or information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 12:

Please produce all still images and videotape created at the Fort Wayne tire plant during the past decade where the images or video depict tire building machines or tire building processes.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, MNA objects to this request because it seeks or information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 13:

Please produce all still images and videotape used for training purposes at the Fort Wayne tire plant during the past decade where the images or video depict tire building machines or tire building processes.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, MNA objects to this request because it seeks or information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 14:

Please produce all still images and videotape which depict either acceptable or unacceptable cured tire conditions and which are used or have been used to inspect, classify, repair, or finish tires made at the Fort Wayne tire plant during the past decade.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, MNA objects to this request because it seeks or information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 15:

Please produce all cut tire segments which show either acceptable or unacceptable cured tire conditions, and which are used or have been used for tire building instruction purposes at the Fort Wayne tire plant during the past decade.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, MNA objects to this request because it seeks or information that constitutes commercially sensitive, confidential business information of MNA. Pursuant to Rule 507 of the Texas Rules of Evidence, MNA asserts trade secret protection for such information.

REQUEST FOR PRODUCTION NO. 16:

Please produce the confidentiality agreements between Michelin and other companies whose workers were allowed access into Michelin's Fort Wayne plant in 2011 (including but not limited to pest extermination and roof maintenance and heating and cooling system and janitorial service providers).

RESPONSE:

MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 17:

Please produce all recorded or written statements, including depositions and other testimony, of persons who had the opportunity to observe the tire manufacturing practices and conditions at the Fort Wayne plant during the past decade.

RESPONSE:

Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.*, who have provided testimony concerning alleged plant conditions in 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR PRODUCTION NO. 18:

Please produce records evidencing maintenance or repairs to the roof over the tire building rooms at Michelin's Fort Wayne plant for the period from 18 months prior to the manufacture of the subject tire in question until 18 months after the manufacturer of the tire in question.

RESPONSE:

MNA objects to this request because it is overly broad, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the

discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

REQUEST FOR PRODUCTION NO. 19:

Please produce all recorded or written statements, including depositions and other testimony of persons that have knowledge of plant tours at Michelin's Fort Wayne plant.

RESPONSE:

Upon entry of an appropriate confidentiality protective order, MNA will produce the deposition transcripts of Crocker, Wheeler, Felger, and Anderson from *Farrell and Graciela Smith v. Michelin North America, Inc. et al.*, who have provided testimony concerning alleged plant conditions in 2011. MNA objects to this request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

MNA further objects to this request because intervenors have not identified the specific design or manufacturing process that produced the defect alleged to be present in the tire in question. Accordingly, this request is nothing more than an impermissible "fishing expedition" for information generally related to every aspect of MNA's design and manufacturing process, whether or not related to intervenors' claims in this case. Intervenors have failed to identify the specific components and processes at issue in this case.

REQUEST FOR PRODUCTION NO. 20:

Please produce all confidentiality agreement required to be signed by students who have been allowed access into any tire building or tire inspection room at Michelin's Fort Wayne plant during the past decade.

RESPONSE:

MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

REQUEST FOR PRODUCTION NO. 21:

Please produce all confidentiality agreement required to be signed by family members of employees who have been allowed access into any tire building or tire inspection room at Michelin's Fort Wayne plant during the past decade.

RESPONSE:

MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

REQUEST FOR PRODUCTION NO. 22:

Please produce all confidentiality agreement required to be signed by people other than Michelin employees, students, or family members of employees who have been allowed access into any tire building or tire inspection room at Michelin's Fort Wayne plant during the past decade.

RESPONSE:

MNA objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence. Intervenors have failed to limit the scope of this request to the time period relevant to this action.

KOLLYE KILPATRICK, Individually   §
as Heir at Law and Representative of the   §
Estate of BEVERLY ANN   §
KILPATRICK, Deceased; ERIC   §
KILPATRICK; and KAREN   §
KILPATRICK,   §
  §
      Plaintiffs,   §
  §
AND   §   IN THE DISTRICT COURT OF
  §
  §
ROBERT DWAYNE COLEMAN,   §
Individually, and KIMBERLY   §
COLEMAN as Next Friend of   §   HARRIS COUNTY, TEXAS
BLAYNE MICHAEL COOK,   §
CAMERON BAILEY COOK, minors,   §
Intervening Plaintiffs and Cross-   §   152ND JUDICIAL DISTRICT
Claimants,   §
  §
vs.   §
  §
MICHELIN NORTH AMERICA, INC.,   §
BF GOODRICH, ROBERT DWAYNE   §
COLEMAN,   §

      Defendants.

<u>VERIFICATION OF MICHELIN NORTH AMERICA, INC.'S RESPONSES AND
OBJECTIONS TO INTERVENING COLEMANS' SECOND SET OF REQUESTS FOR
ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION</u>

I, Traci Gudger, certify and declare that I have read Defendant Michelin North America,

Inc.'s Responses and Objections to Intervening Colemans' Second Set Requests for Admission,

Interrogatories, and Requests for Production (the "Responses") and know its contents. I am

authorized to make this verification for and on behalf of Michelin North America, Inc. ("MNA")

and I make this verification for that reason. The Responses were prepared with the assistance

and advice of employees of, and counsel for, MNA, upon whose assistance and advice I have relied. The Responses, subject to inadvertent or undiscovered error, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of these responses. MNA reserves the right to change or supplement these responses, or to apply for relief to permit insertion of unintentionally omitted matters. Subject to the limitations set forth herein, I am informed and believe, and on that ground allege, that the matters stated in the Responses are true to the best of my knowledge, information and belief.

MICHELIN NORTH AMERICA, INC.

_____
Traci Gudger

Dated March 12, 2015

SWORN TO AND SUBSCRIBED
Before Me This 12th Day Of March, 2015.

_____
Notary Public

My Commission Expires: 09/14/2016

- 2 -



Kilpatrick v. MNA

MNA-KILPATRICK-
0000136-
MNA-KILPATRICK-
0000355

GERMER
ATTORNEYS AT LAW

Germer Beaman & Brown PLLC



**AUSTIN** BEAUMONT HOUSTON
www.germer.com

**KATHRYN M. LINDSAY**
PARALEGAL

direct: (512) 482-3532
klindsay@germer-austin.com

March 12, 2015

<u>VIA CERTIFIED MAIL, RRR</u>

John Gsanger
The Edwards Law Firm
802 N. Carancahua, Ste. 1400
Frost Bank Plaza
Corpus Christi, Texas 78401

      Re:    *Cause No. 2014-57952; Kollye Kilpatrick, Individually as Heir at Law and Representative of the Estate of Beverly Ann Kilpatrick, deceased; Eric Kilpatrick; and Karen Kilpatrick v. Michelin North America, Inc. and Robert Dwayne Coleman; In the 152nd Judicial District, Harris County, Texas.*

Counsel:

    Enclosed please find Defendant Michelin North America, Inc.'s Responses and Objections to Intervening Colemans' Second Set of Requests for Admission, Interrogatories, and Requests for Production to Defendant, Michelin North America, Inc.

                Yours very truly,

                Kathryn M. Lindsay
                Paralegal

KML:lq
Enclosure

cc.:    (w/encl.) (via regular mail)
       Robert E. Ammons/Jacquelyn W. Blott
       Michael E. Bourland
       Timothy D. "Tim" Riley
       Mark A. Solomon

4522728

MAR 16 2015